IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS FLORENCE, #1729344 , | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-0872-M-BK |
| | § | |
| WILLIAMS STEPHENS, Director | § | |
| TDCJ-CID, | § | |
| Respondent. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the validity of disciplinary action number 20130074676, which found him guilty of unauthorized contact with the alleged victim of his underlying crime. (Doc. 10 at 5-8). The disciplinary case resulted in the loss of 45 days of recreation and commissary restrictions, 15 days of solitary confinement, 15 days loss of good-time credits, and Petitioner was to remain line-class status 3. (Doc. 3 at 30).[1] For the reasons that follow, it is recommended that the petition be summarily dismissed because Petitioner does not present a cognizable basis for federal habeas corpus relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of a habeas petition).[2]

---

[1] The punishment listed in the original and amended habeas petitions does not coincide with that listed on the disciplinary report. (Compare Doc. 3 at 5 and Doc. 10 at 5 with Doc. 3 at 30). Therefore, the Court relies on the later in analyzing Petitioner's claims. (Doc. 3 at 30).

[2] Although venue for this habeas corpus action is more appropriate in the Wichita Falls Division where Petitioner is confined and the disciplinary violation occurred, *see* 28 U.S.C. §2241(d), it is more efficient to summarily dismiss than to transfer the case. Moreover, during the past year, the Wichita Falls Division has summarily dismissed at least one other action filed by Petitioner challenging a different disciplinary violation. *See Florence v. Thaler*, No. 7:12-CV-0029 (N.D. Tex., Wichita Falls Div. 2013) (dismissing habeas petition challenging prison disciplinary action

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when a disciplinary action results in a sanction that will impinge upon a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484-87 (1995) (holding that due process liberty interests created by prison regulations are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision impinge upon a protected liberty interest, that is, a constitutional expectancy of early release. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Petitioner, however, is not eligible for mandatory supervised release as a result of his 2011 conviction for sexual assault of a child. *See* TEX. GOV'T CODE § 508.149(a)(6) (West 2013). Other courts have reached the same conclusion based on Petitioner's 2011 conviction. *See Florence v. Stephens*, No. 4:12-CV-2441 (S.D. Tex. 2013) (finding Petitioner was ineligible for mandatory supervised release due to his conviction for sexual assault of a child and denying habeas relief stemming from a separate disciplinary violation). Petitioner has also conceded in a separate habeas corpus action in this Court, that he is ineligible for mandatory supervised release. *See Florence v. Stephens*, No. 7:12-CV-0029-O-BL (N.D. Tex., Wichita Falls Div., 2013) (Doc.

---

because no liberty interest was at issue); *see also Florence v. Stephens*, No. 4:12-CV-2441 (S.D. Tex. 2013) (same).

Although the undersigned previously severed all civil rights claims stemming from the disciplinary proceedings and grievance procedure (Doc. 9), it appears Petitioner restated them in his amended habeas petition (Doc. 12 at 5-8). Therefore, insofar as Petitioner seeks to raise civil rights claims, they should be dismissed without prejudice to be re-asserted in a separate action under 42 U.S.C. § 1983.

3 at 5, ¶ 16). Accordingly, because Petitioner is not eligible for mandatory-supervised release, the 15-day loss of good time credits does not implicate a protected liberty interest. *See Malchi,* 211 F.3d at 956-58; *see also Sanders v. Smith,* 111 Fed. Appx. 752, 753 n. 1 (5th Cir. 2004) (unpublished *per curiam*) (loss of good time credits by inmate who was not eligible for mandatory supervision did not implicate a protected liberty interest); *Flowers v. Thaler*, No. 3:10-CV-1126-K, 2010 WL 2605242 (N.D. Tex. 2010) (same).[3]

     Likewise, Petitioner does not have a protected liberty interest in the temporary loss of recreation and commissary privileges. *See Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) (commissary and cell restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life). Nor does Petitioner have a protected liberty interest in his prison custodial classification or in his good-time earning status. *See Malchi*, 211 F.3d at 959 (effect of a change in a prisoner's good-time earning status on the timing of his release on mandatory supervision is too speculative to afford him a constitutionally cognizable "right" to a particular time-earning status); *see also Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Similarly, the 15 days of solitary confinement do not implicate any liberty interest. *See Luken,* 71 F.3d at 193 ("administrative

---

[3] Although Petitioner is serving a concurrent sentence under a drug-related conviction that is eligible for mandatory supervision, he remains ineligible for mandatory supervised release as long as he is serving his ineligible sentence for sexual assault of a child. *See Florence v. Stephens*, No. 4:12-CV-2441 (S.D. Tex. 2013) (citing *Ex parte Alexander*, 861 S.W.2d 921,923-24 (Tex. Crim. App. 1993) (holding that where a petitioner is serving concurrent sentences, one of which is not mandatory supervision eligible, he must either serve the entire mandatory supervision ineligible sentence or be released on parole)).

segregation, without more, does not constitute a deprivation of a constitutionally cognizable interest" (citing *Sandin*, 515 US 572, 486).

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

SIGNED August 22, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE